UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE CHAMBERS, individually and on behalf of all others similarly situated, | ) ) ) ) | CASE NO. 5:23-cv-890 |
| PLAINTIFFS, | ) ) ) | CHIEF JUDGE SARA LIOI |
| vs. | ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| A.R.E. Accessories LLC, | ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the parties' joint motion for approval of settlement and dismissal of this case (Doc. No. 33 (Joint Motion)), supported by a declaration of plaintiffs' counsel Alanna Klein Fischer. (Doc. No. 33-3 (Fischer Decl.).) The joint stipulation of settlement and release and exhibits is attached to the Joint Motion. (Doc. No. 33-1 (Joint Settlement).) At the Court's request (*see* Order [non-document], June 20, 2024), the parties also filed a joint supplement to the Joint Motion (Doc. No. 35 (Joint Supplement)), supported by a supplemental declaration of Attorney Fischer. (Doc. No. 35-1 (Supp. Fischer Decl.).)

Because the Court finds that the Joint Settlement and related materials represent a fair resolution of plaintiffs' claim under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Joint Motion is granted, the Joint Settlement is approved, and the case is dismissed with prejudice.

## I. BACKGROUND

Plaintiff Jermaine Chambers ("Chambers"), on behalf of himself and similarly situated employees (collectively "plaintiffs"), filed[1] this collective action against defendant A.R.E. Accessories LLC ("A.R.E.") alleging that A.R.E. violated the FLSA by failing to pay plaintiffs overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they allegedly worked over 40 hours each workweek. (Doc. No. 29-1 (Second Amended Complaint (SAC)) ¶¶ 20–27, 37–40.) Specifically, plaintiffs' allegations relate to time spent: (1) retrieving personal protective equipment, including a protective suit, safety goggles, ear plugs, a respirator, and/or air hood; (2) changing into the personal protective equipment; and/or (3) retrieving equipment that was required to perform the work performed during their scheduled start and stop times. (*Id.*; *see also* Doc. No. 33, at 2–3.[2]) Defendant denies that it violated the FLSA, insisting that plaintiffs were paid for all compensable work at the legal rate at all times relevant to the present dispute. (*See generally* Doc. No. 30 (Answer to SAC).) The parties have reached a settlement that resolves plaintiffs' claim, and now seek approval of the Joint Settlement.[3]

---

[1] The original named plaintiff was Anton Travick, who was replaced by Brian Harter in March 2024. (Doc. No. 25-1.) Harter was replaced by Chambers in June 2024. (Doc. No. 29-1.)

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 5:06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id.*

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours,

---

[3] Chambers brought a collective action under the FLSA and a class action under Fed. R. Civ. P. 23. (*See generally* Doc. No. 29-1.) The settlement applies solely to Chambers and the four opt-in party plaintiffs. (*See* Doc. No. 33-3 ¶ 35.) Because the settlement only applies to opt-in plaintiffs, there is no need for a fairness hearing. *See Moore v. Ackerman Inv. Co.*, No. 07-3058, 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Servs., Inc.*, No. 6:07-cv-1680, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same).

and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). A reviewing court should also consider the following factors: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; and (5) the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, & Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Further, in collective actions, a reviewing court should consider the opinion of counsel and collective representatives and the reaction of absent collective members. *Id*. The district court may determine which factors to consider and the weight to be afforded such factors as are relevant to the case at hand. *Id*. In addition, where the settlement agreement proposes an award of attorney fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the parties' divergent views of the facts and the law in this action present bona fide disputes that, had the parties not reached settlement, would have necessitated discovery and litigation expenses and resolution by the Court and/or a jury. The Joint Motion confirms the same. (*See* Doc. 30, at 9.) In particular, the parties disagree as to whether plaintiffs should have been able to complete any of the work for which they claim they were not compensated during the 15-minute period that defendant permitted them to clock in

prior to the start of their shift, whether plaintiffs could prove a willful violation of the FLSA, and whether plaintiffs would be able to recover liquidated damages under the FLSA. (*Id.*)

Having reviewed the terms of the Joint Settlement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel and there is no evidence of fraud or collusion. *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 WL 4913678, at *2 (N.D. Ohio Oct. 10, 2018) ("In assessing settlement agreements, '[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary.'") (quoting *UAW v. Gen. Motors Corp.*, No. 2:05-cv-73991, 2006 WL 891151, at *21 (E.D. Mich. Mar. 31, 2006)). As such, the Court finds no risk of fraud or collusion with respect to the Joint Settlement.

With respect to the monetary awards to plaintiffs, the Joint Settlement provides that plaintiffs will receive individual payments calculated proportionally on each class member's overtime damages during the relevant period and represent compensation for 100% of each member's overtime work, plus 100% in liquidated damages. (Doc. No. 33-3 ¶¶ 39–42.) These payouts will be made in accordance with Paragraph 3.2 of the Joint Settlement. (Doc. No. 33-1, at 3.) Moreover, the Court has taken into account the opinion of counsel in this collective action, who has expressed the opinion that the proposed settlement fairly accounts for the compensation alleged to be owed to the plaintiffs. (Doc. No. 33-3 ¶¶ 36–37, 41–42.) The Court agrees with counsel that this is an excellent result, especially given that the award to each opt-in participant represents 100% of their claimed damages.

As the parties have indicated, the case was complex, and proceeding further would be costly and time-consuming. (Doc. No. 33, at 9–10.) Before reaching a settlement, the parties

litigated this matter for over a year. (*See* Doc. No. 1 (Complaint) (filed May 1, 2023).) Given the uncertainty and risks surrounding summary judgment and a possible trial, the certainty and finality that comes with settlement also weighs in favor of approving the agreement. Likewise, such a ruling promotes the public's interest in encouraging settlement of litigation. *See Crawford*, 2008 WL 4724499, at *9.

As for the award of attorney fees to plaintiffs' counsel, the Court finds that the award, which is supported by declaration of counsel, is reasonable, taking into consideration the course of the proceedings and the successful outcome providing substantial relief to plaintiffs. (*See* Doc. No. 33-3 ¶¶ 41–42; Doc. No. 35-1 ¶¶ 2–5.) When a settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See Moulton v. United States Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (citing *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)). There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). Here, the parties utilize the lodestar method.

Three attorneys represented plaintiffs pursuant to a contingency agreement. (Doc. No. 33-3 ¶ 49.) Attorney Anthony J. Lazzaro spent 7.5 hours on this matter with an hourly rate of $600. (Doc. No. 35-1 ¶ 2.) Attorney Lori M. Griffin spent 4 hours on this case with an hourly rate of $500. (*Id.*) Attorney Fischer spent 39 hours on this case with an hourly rate of $475 and anticipates spending an additional 5–10 hours on this matter after filing the settlement. (*Id.* ¶¶ 2, 4.) The Court finds the hourly rates charged are reasonable for experienced attorneys in this district. *See Williams v. CG-HHC, Inc.*, No. 5:22-cv-1003, 2024 WL 1514587, at *3 (N.D. Ohio Apr. 8, 2024) (approving the same rates for the same attorneys in the same firm); *see also Arp v. Hohla & Wyss Enters., LLC*, No. 3:18-cv-119, 2020 WL 6498956, at *7 (S.D. Ohio Nov. 5,

6

2020) (approving hourly rates upwards of $600 and $550 per hour in wage and hour matters); *Smith v. Loc. Cantina, LLC*, No. 2:20-CV-03064, 2022 WL 1183325, at *5 (S.D. Ohio Apr. 19, 2022) (same).[4] The Court also finds the number of hours expended reasonable, given the extensive discovery and data analysis conducted by counsel, and the settlement negotiations conducted over a period of several months before a global resolution was reached. (*See* Doc. No. 33, at 4–5.) Moreover, at an anticipated combined fee lodestar of between $27,400 and $29,775, the Joint Settlement's attorney's fee award of $11,144.98 results in a "negative multiplier" of 0.374–0.407 of the total fees that plaintiffs' counsel anticipates it will incur through the administration of the settlement. (Doc. No. 35, at 2–4.) Such a negative multiplier supports the reasonableness of the fees. *See, e.g.*, *Miller v. Baltimore Builders Supply & Millwork, Inc.*, No. 2:21-cv-4867, 2023 WL 6554073, at *2 (S.D. Ohio Sept. 13, 2023) (approving attorney's fees representing a "negative multiplier" of between 0.39 and 0.42 and collecting cases).[5]

Additionally, plaintiffs' counsel undertook the representation on a contingent-fee basis, thus bearing the risk of losing substantial time and resources. (Doc. No. 33-3 ¶ 49.) Without a settlement, plaintiffs faced a risk of not recovering at all in the event that the Court did not permit the issuance of notice, the claims of eligible settlement participants expired, or the Court dismissed their claims. (*Id.* ¶¶ 49–50, 56.) Furthermore, even if plaintiffs had prevailed on the merits at trial, the amount they would have recovered is highly uncertain. (*Id.*)

---

[4] The Joint Settlement also provides for plaintiffs' counsel to receive $1,816 in expenses. (Doc. No. 33-3 ¶ 54.) Plaintiffs' counsel certifies that all of these expenses "were incurred during the litigation of this Action." (*Id.*) Given this information, the Court finds that these expenses are reasonable.

[5] The percentage-of-the fund method, which yields an award of 63% of the total settlement fund, also demonstrates the reasonableness of the attorney fees award. *See Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-729, 2012 WL 1945144, at *9–10 (S.D. Ohio May 30, 2012) (finding a fee award in excess of 50% of the total recovery to be reasonable based on the heavily contested nature of the litigation, exceptional recovery for the plaintiffs, and a significant reduction in attorney's fees compared to the lodestar calculation).

Additionally, although the attorneys' fees total $11,144.98, which is significantly higher than the plaintiffs' total recovery, "[i]n FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover[] because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Spencer v. Cent. Servs., LLC*, No. 1:10-cv-03469, 2012 WL 142978, at *4 n.4 (D. Md. Jan. 13, 2012) (quoting *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) (internal quotation marks omitted)) (approving approximately $57,000 in attorneys' fees and costs for a total recovery of $11,500 for three plaintiffs); *see also Funk v. Airstream, Inc.*, No. 3:17-cv-260, 2019 WL 4599816, at *6 (S.D. Ohio Sept. 23, 2019) (noting that "[i]n FLSA cases, courts often approve fee awards that are much larger than the clients' recovery" and collecting cases). Moreover, the Court notes that none of the plaintiffs have objected to this award of attorneys' fees, nor does the defendant.

In addition, the Joint Settlement provides for a service award to plaintiff representative Chambers. Such awards are not uncommon, and "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillsworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (quoting *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000)). Here, Chambers participated in the litigation, including by discussing the terms of the settlement with counsel via telephone and email, and agreed to sign a general release of nearly all claims against defendant. (Doc. No. 35-1 ¶¶ 6–9.) As such, the Court approves the modest service award to the representative plaintiff in recognition of his service in this action.

Lastly, while the Court is not in a position to assess the likelihood of success on the merits as the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

## IV. CONCLUSION

For all the foregoing reasons, the Court grants the Joint Motion and approves the Joint Settlement. The claim in plaintiffs' complaint is dismissed with prejudice, and this case is closed.

**IT IS SO ORDERED**.

Dated: June 26, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**